IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                    Case No. 95-20086-05-JWL

**Sylvester Anderson,**

        **Defendant.**

### **MEMORANDUM & ORDER**

In August 1996, a jury convicted Sylvester Anderson of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) and money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). In January 1997, the court sentenced Mr. Anderson to 396 months imprisonment after applying a two-level enhancement under U.S.S.G. § 3B1.1(c) for Mr. Anderson's role in the offense and a two-level enhancement for obstruction of justice. On appeal, the Tenth Circuit reversed Mr. Anderson's conviction on the money laundering charge and further held that the evidence was insufficient to support the enhancement. *United States v. Anderson*, 189 F.3d 1201 (10th Cir. 1999). The Circuit affirmed the conspiracy conviction and the obstruction of justice enhancement. In July 2000, the court resentenced Mr. Anderson to 327 months imprisonment, representing the high end of the guideline range based on a total offense level of 36 and a criminal history category of IV.[1]

---

[1] Mr. Anderson was assigned a base offense level of 34 under U.S.S.G. § 2D1.1 in light of the court's conclusion that Mr. Anderson was responsible for 19.5 kilograms of cocaine. He received a two-level enhancement for obstruction of justice.

This matter is before the court on Mr. Anderson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table.  Under the amended guidelines, Mr. Anderson's base offense level for the same drug quantities is 32 and his total offense level is 34.  With a criminal history category of IV, his amended guideline range is 210 months to 262 months imprisonment.  In his motion for reduction, Mr. Anderson requests that the court "revise his sentence to conform to the Guideline amendment."  Mr. Anderson does not suggest where within the amended range the court should resentence him.  The government has not responded to the motion and the deadline for doing so has passed.  The government, then, apparently does not dispute that a reduction is authorized and the record reflects that Mr. Anderson is entitled to a reduction.  The court, then, will grant Mr. Anderson's motion and, consistent with its practice, will resentence Mr. Anderson to the high-end of the amended range as it did in connection with Mr. Anderson's sentence after appeal.  There is nothing in the record suggesting that a greater reduction is warranted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Anderson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1135) is **granted as described herein** and Mr. Anderson's sentence is **reduced from 327 months to 262 months imprisonment**.  All other provisions of the judgment dated July 14, 2000 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2015, at Kansas City, Kansas.

**Effective Date: November 1, 2015**.

>s/ John W. Lungstrum
>John W. Lungstrum
>United States District Judge